IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kevin Marco Cooper, Jr. (B-58690), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21-cv-03687 |
| v. | ) | |
| | ) | Judge John F. Kness |
| Sheriff Hain *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant Rasmussen's motion to dismiss (Dkt. 57) is denied. Defendant Rasmussen must answer the Third Amended Complaint on or before July 28, 2023. See accompanying Statement for details.

**STATEMENT**

Plaintiff, formerly a detainee in the Kane County Adult Justice Center, brought this *pro se* civil rights complaint, 42 U.S.C. § 1983, alleging that jail officials failed to protect him from the virus that causes COVID-19. As to Defendant Julie Rasmussen, the kitchen manager at the jail, Plaintiff alleges that she knowingly allowed a kitchen worker to come to work while sick with COVID-19, which contributed to the spread of the virus.

Defendant Rasmussen has moved for dismissal, arguing that Plaintiff has not alleged any facts that establish a causal link between Rasmussen's actions and his injuries. In other words, she contends that Plaintiff has not alleged facts raising an inference that he contracted COVID-19 because of Rasmussen's alleged decision to allow an ill kitchen worker to remain on the job. (*See* Def.'s Mot. to Dismiss, Dkt. No. 57, at pg. 3.)

A court that screens a prisoner complaint under 28 U.S.C. § 1915A must employ the same standard that applies to the resolution of motions under Rule 12(b) of the Federal Rules of Civil Procedure. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Courts must liberally construe *pro se* complaints and hold them "to a less stringent standard than pleadings drafted by lawyers." *Id.* A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).

Plaintiff's claims stem from his contention that he contracted COVID-19 due to Defendants' failure to take certain steps to control the spread of the virus inside the jail. In regard to Defendant Rasmussen, he alleges that shortly before Thanksgiving, she allowed a kitchen worker to come into work knowing the worker was ill and contagious with COVID-19. (*See* Pl.'s Third Am. Compl., Dkt. No. 41, at pg. 11.)

Plaintiff contends that, during this time period, several trustee inmates worked in the vicinity of the ill kitchen worker, including Shawn Flowers, Cornelius Thomas, and Kevin Sharkey. (*Id.*) Plaintiff also alleges that Sgt. Directo moved two of those inmates, Flowers and Thomas, into his cell during the first week of December, and that shortly thereafter, Plaintiff became ill with the virus that causes COVID-19. (*See id.* at pgs. 8-9.) In his response to the motion to dismiss, Plaintiff also states that the kitchen worker infected with COVID-19 worked near the inmate trustees, who later returned to Plaintiff's cellhouse (O Pod). (*See* Dkt. No. 62 at pg. 2.) Plaintiff contends that Rasmussen allowed the sick employee to work rather than directing that she take a rapid COVID-19 test and quarantine at home if positive. (*See id.* at pgs. 1-2.) Plaintiff's complaint is not very clear, but Plaintiff appears to contend that Defendant Rasmussen's actions caused the virus to spread to kitchen workers, and that Plaintiff later contracted the virus when he was housed with those same kitchen workers in his cell or cellhouse.

Because Plaintiff was a pretrial detainee at the time of the events giving rise to this lawsuit, his claims are governed by the Fourteenth Amendment's Due Process Clause.[1] *Hardeman v. Curran*, 933 F.3d 816, 821–22 (7th Cir. 2019). The Fourteenth Amendment standard requires an assessment of the Defendant's conduct to determine if she acted in an objectively unreasonable way in regard to an unreasonable risk of serious harm. *See*, *e.g.*, *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). When assessing whether conduct is objectively unreasonable, the Court must "focus on the totality of facts and circumstances." *Mays*, 974 F.3d at 819 (quoting *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018)). This standard is applied with deference to correctional officials' need to manage the facility, including the preservation of internal order and security. *Id.* at 820 (citing *Henry v. Hulett*, 969 F.3d 769, 783 (7th Cir. 2020) (en banc)).

As the Court stated in its Dec. 5, 2022 screening order (Dkt. 40), COVID-19 can pose a serious risk of harm to inmates in correctional facilities. *See*, *e.g.*, *Ochoa v. Kolitwenzew*, 464 F. Supp. 3d 972, 986–87 (C.D. Ill. 2020) (virus can spread rapidly in a jail setting); *Chunn v. Edge*, 465 F. Supp. 3d 168, 200–01 (E.D.N.Y. 2020) ("[T]here is no question that an inmate can face a substantial risk of serious harm in prison from COVID-19 if a prison does not take adequate measures to counter the spread of the virus."). As a result, the Court permitted Plaintiff to proceed on the Third Amended Complaint. Defendant nonetheless argues that the Third Amended Complaint sets forth numerous other ways that Plaintiff could have contracted COVID-19, including alleging that other Defendants failed to take steps to protect him from the virus. (*See*

---

[1] Any reliance by Defendant on Eighth Amendment case law to argue that Plaintiff did not adequately allege deliberate indifference on the part of Defendant Rasmussen is thus misplaced.

Def.'s Mot. to Dismiss, Dkt. No. 57, at pgs. 5-6.) Defendant further contends that it is more likely that Plaintiff contracted the virus from community spread in the jail than from anything that Defendant Rasmussen did or did not do. (*See* Def.'s Reply, Dkt. No. 63, at pg. 2.)

At this early stage of the case, the Court declines to revisit its screening order allowing Plaintiff to proceed against Defendant Rasmussen. Plaintiff will, of course, eventually have to demonstrate that *each* Defendant caused the deprivation of his rights. *Taylor v. City of Milford*, 10 F.4th 800, 812 (7th Cir. 2021). Defendant is correct that this may be a difficult task, given the ease of transmission of the virus that causes COVID-19. *See McGee v. Pontow*, No. 21-cv-1184, 2023 WL 2072094, at *6 (E.D. Wis. Feb. 17, 2023) (granting summary judgment on prisoner's claim that janitorial work without proper protective equipment caused him to contract COVID-19 in part because plaintiff "had no proof beyond conjecture" that he caught the virus during janitorial work). But Plaintiff's allegation that Rasmussen was aware that a jail employee had contracted the virus and disregarded the risk of transmission to other inmates, causing him to come into contact with infected inmates, is sufficient to proceed at this point. *See Harris v. Allison*, No. 20-cv-09393, 2022 WL 2232525, at *4 (N.D. Cal. May 18, 2022) ("Determining the truth of the allegations as to each Defendant's conduct and whether it contributed to or caused the conditions that resulted in Plaintiff's infection is a matter for discovery and perhaps ultimately trial. Factual questions as to causation preclude granting the motion to dismiss.").

Defendant's motion to dismiss, therefore, is denied. Defendant must answer the Third Amended Complaint on or before July 28, 2023.

SO ORDERED in No. 21-cv-03687.

Date: July 6, 2023

_____
JOHN F. KNESS
United States District Judge